

Wilson Sonsini Goodrich & Rosati
Professional Corporation

650 Page Mill Road
Palo Alto, California 94304-1050

O: 650.493.9300
F: 650.493.6811

March 31, 2021

**VIA CM/ECF**

The Honorable Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> **Re:    Pre-Motion Conference Letter re Motion to Dismiss**
> ***Arora v. HDFC Bank Limited et al.*, No. 2:20-cv-04140-EK-AKT**

Dear Judge Komitee:

We write as counsel for Defendants HDFC Bank Limited ("HDFC" or the "Bank"), Aditya Puri, and Sashidhar Jagdishan ("Defendants") in the above-captioned matter. We respectfully submit this letter to request a pre-motion conference in anticipation of filing a motion to dismiss Lead Plaintiff Meitav Dash Provident Funds and Pension Ltd.'s Amended Class Action Complaint ("Complaint" or "Compl."). Although the Court has already entered a briefing schedule for the forthcoming motion to dismiss pursuant to which Defendants will serve their motion papers on April 9, 2021 (*see* Jan. 25, 2021 Order re ECF No. 26),[1] Defendants submit this letter to ensure compliance with Rule III.B.2 of Your Honor's Individual Practices and Rules.

### Background and Complaint

This is a securities class action lawsuit governed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). Plaintiff alleges that HDFC and two of its senior officers, Aditya Puri and Sashidar Jagdishan, engaged in securities fraud during a five-year class period (July 31, 2015 to July 10, 2020). Compl. ¶ 1.

HDFC is a commercial bank based in Mumbai, India, which provides banking and financial services to individuals and businesses in India, Bahrain, Hong Kong, and Dubai. Compl. ¶¶ 2, 13. Mr. Puri was HDFC's Managing Director until October 2020 and Mr. Jagdishan, HDFC's CFO, became Managing Director in October 2020 upon Mr. Puri's retirement. *Id.* ¶¶ 14-15. The Complaint alleges that in a single department at HDFC, an unspecified number of HDFC employees, during an unspecified time period, defrauded an unidentified number of the Bank's auto loan customers by charging for GPS devices that the customers had not requested to be bundled with their auto loans ("GPS bundling"). *Id.* ¶ 23. Plaintiff alleges that upon learning of this alleged misconduct, Defendants launched an internal investigation into the matter and meted

---

[1] Pursuant to the Court's Scheduling Order, Defendants' Motion to Dismiss is due by April 9, 2021, Lead Plaintiff's response is due by June 8, 2021, and Defendants' reply is due by July 23, 2021. Jan. 25, 2021 Order re ECF No. 26.

**WILSON SONSINI**

The Honorable Eric R. Komitee
March 31, 2021
Page 2

out disciplinary action. *Id.* ¶¶ 24-25. On July 13, 2020, an Indian newspaper, *The Economic Times*, reported on the GPS bundling and the Bank's subsequent investigation. *Id.* ¶¶ 5, 24. Plaintiff alleges that this news caused the price of HDFC's American Depositary Shares to decline by 2.83%, from $48.39 to $47.02. *Id.* ¶¶ 6, 76. HDFC's share price had fully recovered one week later and currently trades at $80.90 per ADS.

The Complaint alleges that the unidentified employees' alleged misconduct rendered various HDFC public statements "tout[ing] the strength and stellar performance of [HDFC's] vehicle lending segment" and "assur[ing] investors that the [Bank] had policies and procedures in place . . . to prevent and uncover fraud" false and misleading, in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. Compl. ¶¶ 3-4.

**Defendants' Motion to Dismiss**

The Complaint should be dismissed because Plaintiff fails to state a claim on which relief may be granted under Rule 12(b)(6) and the heightened pleading standards provided by not only Rule 9(b) but also the PSLRA's more demanding standard for securities lawsuits. *See, e.g.*, *In re Aceto Corp. Sec. Litig.*, No. 2:18-cv-2425-ERK-AYS, 2020 WL 4452059, at *2 (E.D.N.Y. Aug. 3, 2020) ("the PSLRA raises the bar" to plead securities fraud, beyond the requirements of Rule 9(b)). Plaintiff has failed to state a Section 10(b) claim because Plaintiff fails to plead with particularity falsity and scienter, each an independent ground for dismissal.[2]

Plaintiff's attempt to state a securities fraud claim fails for several reasons.[3] First, Plaintiff fails to identify a materially false or misleading statement. The motion to dismiss will demonstrate — based on documents incorporated by reference into the Complaint, including the cited *Economic Times* article and HDFC's Forms 20-F filed with the SEC — that the amount at issue was "miniscule" as compared to total Bank assets, and thus immaterial. *See ECA, Local 134 IBEW Joint Pension Trust of Chicago*, 553 F.3d at 202 (affirming dismissal where challenged transactions were "a minute fraction of assets on [defendant's] balance sheet") (citation omitted).

Second, the types of "false or misleading" statements that Plaintiff challenges — statements about the existence of internal controls including an Ethics Code, Whistleblower Policy, and Fraud Monitoring Committee, which are claimed to be false

---

[2] Because the Complaint fails to state a claim for a primary violation of Section 10(b), the derivative Section 20(a) claim also fails. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007).

[3] Stating a claim under Section 10(b) requires a Plaintiff to plead specific facts showing that "the defendant, in connection with the purchase or sale of securities, made a materially false statement or omitted a material fact, with scienter, and that the plaintiff's reliance on the defendant's action caused injury to the plaintiff." *ECA, Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 197 (2d Cir. 2009) (citation omitted).

**WILSON SONSINI**

The Honorable Eric R. Komitee
March 31, 2021
Page 3

because the GPS bundling was not caught earlier — have been repeatedly rejected as insufficient to support a securities fraud claim.  *See, e.g., In re PetroChina Co. Sec. Litig.*, 120 F. Supp. 3d 340, 359-60 (S.D.N.Y. 2015) (dismissing claim arising from bribery scheme; complaint did not identify defects in controls over financial reporting or "how or why PetroChina's internal controls were inadequate"; "[t]herefore, Plaintiffs have not established that the Company's statements concerning its internal control over financial reporting were false"), *aff'd sub nom. Klein v. PetroChina Co.*, 644 F. App'x 13 (2d Cir. 2016).  Third, statements attesting to the existence of such internal controls are aspirational and not actionable.  *See, e.g., ECA, Local 134 IBEW Joint Pension Trust of Chicago*, 553 F.3d at 205-06 (bank's statement about its "'highly disciplined' risk management" and "reputation for integrity" are "no more than 'puffery' which does not give rise to securities violations" and did not "amount to a guarantee that its choices would prevent failures in its risk management practices").

Plaintiff also fails to plead the requisite strong inference of scienter.  Plaintiff pleads no facts that Messrs. Puri and Jagdishan knew about the GPS bundling issue before they commenced their investigation.  Initiating such an investigation, moreover, negates any inference of scienter.  *See Fries v. N. Oil & Gas, Inc.*, 285 F. Supp. 3d 706, 722 (S.D.N.Y. 2018) (that company terminated founder and CEO upon his receipt of Wells Notice and commenced investigation "undermines scienter").  While Plaintiff asserts that Messrs. Puri and Jagdishan sold HDFC stock, the Complaint fails to identify even a single actual stock sale during the class period by date or amount.  *See In re Henry Schein, Inc. Sec. Litig.*, No. 18-CV-01428 (MKB), 2019 WL 8638851, at *19-20 (E.D.N.Y. Sept. 27, 2019) (setting forth the factors required to plead an "unusual or suspicious" stock sale).

For these reasons, as well as others to be detailed in Defendants' forthcoming motion, Defendants will respectfully request that the Court dismiss the Complaint in its entirety.

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*s/ Caz Hashemi*
Caz Hashemi

*Counsel for Defendants HDFC Bank Limited, Aditya Puri, and Sashidhar Jagdishan*

cc:  All Counsel of Record (via CM/ECF)