# WILSON SONSINI

Wilson Sonsini Goodrich & Rosati
Professional Corporation

650 Page Mill Road
Palo Alto, California 94304-1050

O: 650.493.9300
F: 650.493.6811

September 2, 2021

**VIA CM/ECF**

The Honorable Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> **Re:    Notice of Supplemental Authority**
> ***Arora v. HDFC Bank Limited et al.*, No. 2:20-cv-04140-EK-JMW**

Dear Judge Komitee:

We represent Defendants HDFC Bank Limited ("HDFC" or the "Bank"), Aditya Puri, and Sashidhar Jagdishan ("Defendants") in the above-captioned matter.  We write respectfully to notify the Court of supplemental authority pertaining to Defendants' pending Motion to Dismiss (ECF No. 33).

On August 25, 2021, the Second Circuit Court of Appeals issued its opinion in *Plumber & Steamfitters Local 773 Pension Fund v. Danske Bank A/S*, No. 20-3231 (2d Cir. Aug. 25, 2021), affirming dismissal of a putative securities class action that asserted claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934.  The opinion is attached as Exhibit A.  As in the instant case, the plaintiffs in *Danske Bank* alleged that certain public statements by a bank were materially misleading because the bank did not disclose certain employee wrongdoing in one corner of its operations.  Specifically, plaintiffs alleged that a significant "money laundering scandal … was perpetrated through the Bank's branch in Estonia."  Ex A. at 1-3.

Relevant to the instant case, the Second Circuit concluded that notwithstanding the later-admitted money-laundering at the bank's branch in Estonia, Danske Bank's generic statements regarding its striving to comply with international anti-corruption regulations were too "general" and "aspirational" to induce reliance. Ex. A at 26-27.  As the Second Circuit put it: "Danske's bromides about being good and upright are plainly puffery." *Id.* at 27.  This conclusion applies with equal force to several of the challenged statements regarding HDFC's compliance programs.  For instance, Plaintiff avers that HDFC's descriptions of its Fraud Monitoring Committee, internal whistleblower program, and other anti-corruption programs were misleading in light of the alleged GPS bundling scandal in the auto-loans unit. *E.g.*, Am. Compl. (ECF No. 27) ¶ 38.  The Circuit rejected this exact position in *Danske Bank*, noting that under prevailing Second Circuit authority, general statements that businesses have "established policies and procedures to comply with applicable requirements" are not actionable. *See* Ex. A at 28 (citation omitted).

AUSTIN    BEIJING    BOSTON    BRUSSELS    HONG KONG    LONDON    LOS ANGELES    NEW YORK    PALO ALTO
SAN DIEGO    SAN FRANCISCO    SEATTLE    SHANGHAI    WASHINGTON, DC    WILMINGTON, DE

WILSON
SONSINI

The Honorable Eric R. Komitee
September 2, 2021
Page 2

Moreover, the *Danske Bank* plaintiffs argued that, *inter alia*, Danske Bank's technically accurate financial disclosures "baked in[]" allegedly ill-gotten profits derived from the scandal and that, accordingly, "it was misleading for Danske [Bank] to release those numbers without simultaneously disclosing what it knew about possible money laundering[.]" Ex. A. at 13. But the Second Circuit rejected the plaintiffs' position, holding that – because "companies do not have a duty to disclose uncharged, unadjudicated wrongdoing" – "Danske [Bank] was under no obligation to self-report its growing suspicions regarding" the Estonian money-laundering scandal, and Danske Bank's accurate statements are not rendered misleading by its choice not to publicly accuse itself of then-unadjudicated misconduct. Ex. A at 13-14 (quoting *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 184 (2d Cir. 2014); *In re Sofamor Danek Grp., Inc.*, 123 F.3d 394, 401 n.3 (6th Cir. 1997)).

We respectfully submit that this holding is instructive as to how the Court should assess certain of the Plaintiff's challenged statements in the above-captioned matter. In particular, Plaintiff alleges that HDFC's statements regarding its auto-loan group growth strategy – such as, "[w]e seek to establish a relationship with a retail customer and then expand it by offering more products" – were misleading because HDFC did not simultaneously disclose that "'more products' included GPS devices that [the Bank] forcibly bundled into automobile loans[.]" Am. Compl. (ECF No. 27) ¶ 40. But this is the precise sort of allegation that the Second Circuit rejected in *Danske Bank* in holding that accurate statements "do not automatically become misleading by virtue of the company's nondisclosure of suspected misconduct[.]" Ex. A at 13.

And finally, in *Danske Bank*, the Second Circuit did not hesitate in affirming the district court's conclusion, at the pleading stage, that certain of Danske Bank's statements were immaterial and therefore not actionable. Ex. A at 24; *see also id.* at 19-23. This is in sharp contrast to Plaintiff's assertion in the case at bar that "the issue of materiality is . . . inappropriate for adjudication at the pleading stage." Pl. Opp. Br. (ECF No. 36) at 11.

For the reasons set forth above, Defendants respectfully request that the Court consider the Second Circuit's recent *Danske Bank* opinion as supplemental authority in support of Defendants' pending Motion to Dismiss.

**WILSON SONSINI**

The Honorable Eric R. Komitee
September 2, 2021
Page 3

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

_s/ Caz Hashemi_
Caz Hashemi

_Counsel for Defendants HDFC Bank
Limited, Aditya Puri, and Sashidhar
Jagdishan_

cc:    All Counsel of Record (via CM/ECF)

**WILSON SONSINI**